## Spaiden v. Tuskan

*John R. Boland, Jr.,* for appellant.
*Alvin R. Isenberg,* for appellee.

ROWLEY, P. J., March 22, 1937.—Appellee recovered a judgment for $49.77 before Fred M. Jones, a justice of the peace. Appellant, who had not appeared before the justice of the peace on October 19, 1936, took an appeal to the court of common pleas. The prothonotary's docket sets out the filing on October 28, 1936, of the proof of service of notice of the appeal.

On November 6, 1936, appellee filed a præcipe to strike the appeal from the record, for the reason that appellant

had not observed the requirements of section 3, rule 8, of the rules of court.

The docket entry recites that the prothonotary struck off the appeal for the reasons set out in the præcipe. This was a summary act and is warranted only in a clear case.

Actions at law should depend upon the merits, and a cause should not be foreclosed on doubtful grounds. The doubt should be resolved against entering a summary judgment, the power to do so being intended only for clear cases. Any other conclusion would be a reversion to the practice, common in ancient days but happily not now, of making the rights of the litigants depend upon the skill of the pleader, rather than on the justice of their claims.

Section 5 of rule 8 of the Rules of the Court of Common Pleas of Mercer County provides:

"If the notice of filing is not served, or if proof of service is not filed as provided by §2 hereof, the prothonotary, on præcipe of attorney for appellee, shall strike the appeal from the record and note his action on the docket."

The above section 5 authorizes the prothonotary to act upon appellant's failure to comply with section 2 of rule 8, which reads as follows:

"In all appeals in civil actions from the judgment of a justice of the peace, the appellant shall, within five days after filing transcript of appeal, give written notice to the opposite party of the filing of the appeal and proof of service thereof shall be filed of record within fifteen (15) days after the filing of the appeal."

Notwithstanding that his docket entry recited that proof of service of notice had been filed, the prothonotary struck off the appeal for failure to comply with section 2 above quoted. The authority conferred upon the prothonotary was power to perform a ministerial act. He is without authority to pass upon the sufficiency of a service of doubtful validity. If no notice was given, or if proof of service had not been filed, the prothonotary was authorized to strike off the appeal. In the instant case, the

officer undertook to pass summarily upon the sufficiency of the service which involved the interpretation of a disputed question. He was without power to do so. We do not hold that the prothonotary was without authority to pass upon the sufficiency of the service of the notice when offered for filing. Conceivably, he may have been warranted in rejecting the proof of service if it did not correspond with the requirements of law, but, having accepted and filed the proof, he was thereafter without authority to strike off the appeal for failure to do what his docket indicated had in fact been done, especially when such action involved the interpretation of a disputed question of law.

Furthermore, notice of the filing of the præcipe should, in any event, have been given to counsel of record for the adverse party.

Section 3 of rule 8 provides:

"If the appellee does not reside *or* has no known agent or attorney within the county, such notice of filing appeal shall be deemed to be duly served if delivered to the justice of the peace, addressed to the appellee." (Italics supplied.)

Appellant contends that either of two circumstances warrants delivery of the notice to the justice of the peace, viz.: (1) If appellee does not reside within the county; (2) or if he has no known agent or attorney within the county.

Counsel for appellant states that section 3 of rule 8 is based upon section 1, rule 7 of the Fayette County rules of court, and contends that, inasmuch as the Fayette County rule provides for service upon the justice of the peace where "the plaintiff does not reside *and* has no known agent or attorney within the county" (italics supplied), it must be presumed that our rule was intended to be effective in either contingency, either where defendant does not reside within the county or where he has no known agent within the county.

We note that in a similar matter our rules adopt the conjunction "and" instead of "or".

Section 3 of rule 39 (Mercer County) provides for service upon the prothonotary, "If the last known place of residence of the adverse party is unknown *and* if he has no attorney of record." (Italics supplied.)

We are of opinion that the more reasonable interpretation of section 3 of rule 8 is that service of the notice must be made upon the "known agent or attorney within the county", if any, and that service upon the justice is sufficient only if the defendant has neither residence nor agent nor attorney within the county. However, the matter is not entirely free from doubt, and since appellee is seeking a summary judgment the interpretation should be in favor of a trial of the cause upon the merits.

If appellant was warranted in serving the notice upon the justice of the peace, the proof of such service, being in the following form:

"I hereby acknowledge receipt of service of a copy of the within Notice of Appeal this 19th day of October, 1936.

"FRED M. JONES,

"Justice of the Peace"

endorsed upon the notice was sufficient.

Counsel for appellee with commendable fairness elects to disregard the matter of appellant's laches.

We are of the opinion that justice will be best served by remitting the proceeding to its status before the appeal was stricken off by the prothonotary.

*Order*

And now, March 22, 1937, this matter was submitted to the court upon briefs of counsel, whereupon, after due and careful consideration, it is ordered, adjudged, and decreed that the appeal of Louis Spaiden be reinstated and that the proceeding and the parties be remitted and restored to the status existing immediately prior to the entry of the order of the prothonotary striking off the appeal.